IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**DONALD REYNOLDS,**

       **Petitioner,**

v.                                    Case No.: 5:23-cv-00533

**WARDEN, FCI Beckley,**

       **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Petitioner, Donald Reynolds, filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, seeking to be transferred to a prison nearer to his release destination. (ECF No. 1). Pending before the Court are the petition, (ECF No. 1); a motion to dismiss, contained in the Warden's Response, (ECF No. 11); Reynolds's motion to take judicial notice, (ECF No. 18); Reynolds's motion for leave to file evidence of systemic discrimination, (ECF No. 20); Reynolds's motion for leave to present additional evidence. (ECF No. 21), and Reynolds's motion for discovery, (ECF No. 22). This case is assigned to the Honorable Frank W. Volk, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned respectfully **RECOMMENDS** that Respondent's motion to dismiss, (ECF No. 11), be **GRANTED**; Reynolds's petition, (ECF No. 1), be **DENIED**; Reynolds's motions to take judicial notice, for leave to file

evidence, and for discovery, (ECF Nos. 18, 20, 21, 22), be **DENIED**, as moot; and this matter be **DISMISSED** and removed from the docket of the court.

I. **Relevant History**

Reynolds is a federal inmate currently incarcerated in Federal Correctional Institution ("FCI") Beckley, with a projected release date of July 7, 2037. *See* Federal Bureau of Prisons ("BOP") Inmate Locator, https://www.bop.gov/inmateloc/. Reynolds filed the instant § 2241 petition on August 6, 2023, (ECF No. 1 at 8), accompanied by a memorandum of law and affidavit. (ECF Nos. 2, 3). In his petition, Reynolds states that FCI Beckley staff have twice denied his requests for a nearer-release transfer—a transfer to a prison closer to Reynolds's legal residence or release location. (ECF No. 1 at 6). Staff informed him that his requests were denied due to lack of bed space at the other prisons, but Reynolds claims that his requests were actually denied because he is black, in violation of the Equal Protection Clause. (ECF Nos. 2 at 3, 3 at 3). Reynolds also claims that FCI Beckley's treatment of transfer requests incentivizes prisoner violence, because prisoners who commit violent acts against other prisoners or staff will be approved for a transfer; however, Reynolds does not allege that he has been a victim of any such violence. (ECF Nos. 1 at 3, 3 at 1–2). Although Reynolds filed a habeas petition, he at times refers to his petition as a "complaint." (ECF Nos. 2 at 4, 18 at 2). Reynolds requests a preliminary injunction[1] for "a non-discriminatory application of the FSA in respects to a nearer-release transfer." (ECF No. 1 at 7). A few weeks after he filed his petition, Reynolds filed another affidavit, detailing various acts of violence by other inmates at FCI Beckley and

---

[1] Reynolds states that he requests a preliminary injunction against the Designation and Sentence Computation Center (a division of the BOP) to cease its "discriminatory practice/purpose and intentions in its transfer policy." (ECF No. 1 at 7). He then states he requests "a non-discriminatory application of the FSA in respects to a nearer release transfer." (*Id.*).

2

attaching a notice from prison staff. (ECF No. 8). Reynolds himself was not a part of the violence, but he states, "[i]f I were to split another inmate's head with a weapon fashioned of metal, DSCC would transfer me." (ECF No. 8 at 3). He again claims that inmates who commit violent acts are rewarded with transfers to other prisons, while he was denied a nearer-release transfer due to his race. (*Id.*). He adds that "[i]t is universally known throughout the FBOP that FCI Beckley is a racist institution." (*Id.*).

On August 29, 2023, the undersigned entered an order directing Respondent to show cause why Reynolds's requested relief should not be granted, (ECF No. 10), and Respondent filed a Response on September 12, 2023. (ECF No. 11). Respondent argues that Reynolds's petition should be dismissed, because his place of confinement is not reviewable by a court and his other allegations are not cognizable in a habeas petition. (ECF No. 11 at 2, 3). Reynolds filed a Reply on November 15, 2023, restating the claims in his petition and memorandum. (ECF No. 15). On January 24, 2024, he filed a "Motion to Take Judicial Notice," informing the court that a prisoner at FCI Beckley was killed in December. (ECF No. 15). On April 8, 2024, Reynolds filed a "Motion for Leave to File Additional Evidence of Systemic Discrimination," to which he attached portions of the First Step Act and various administrative remedies regarding his nearer-release transfer requests. (ECF No. 20). On May 13, 2024, Reynolds filed a "Motion for Leave to Present Additional Evidence That Was Not Available When This Action was Initiated," attaching two documents which had already been filed with the preceding motion. (ECF No. 21). In this filing, he states, "Petitioner is not asking the Court to order the BOP to house him at any particular federal institution. Nevertheless, it is undisputable that where matters of administration overlap with constitutional interests, such matters, as argued by the Petitioner are subject to judicial review." (ECF No. 21 at 1). Lastly, on May 16, 2024,

3

Reynolds filed a Motion to Conduct Discovery, outlining information he wants to obtain from Respondent to demonstrate "that it is mainly through the use of extreme violence, murder and bloodshed that Black inmates are rewarded with transfers from FCI Beckley." (ECF No. 22 at 1).

## II.     **Standard of Review**

Respondent requests that this Court dismiss Petitioner's § 2241 petition but does not identify the Rule of Civil Procedure that governs the motion. (*See* ECF No. 11). Because Respondent filed a Response concurrently with the motion to dismiss, the motion technically is one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). A motion to dismiss under Rule 12(c) applies the same standard of review as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12 (b)(6), and both motions may be filed in habeas actions. *Id.* at 138-39; *see also Martin v. U.S. Parole Comm'n*, No. CV PWG-17-3335, 2018 WL 2135009, at *1 (D. Md., May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a Rule 12(c) motion in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court

may consider "matters of public record," including documents from prior or pending court proceedings, without converting the motion into one for summary judgment. *Id*. The Court may also consider documents "attached to the motion to dismiss, so long as they are integral to the [petition] and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

### III. Discussion

A writ of habeas corpus permits a prisoner's release from custody, and a petition for writ of habeas corpus attacks either the fact or duration of confinement. *See Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005); *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). To secure the writ, a prisoner must show he "is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2241 (c)(3). Reynolds does not argue that he should be released from prison, or that his prison sentence has been illegally imposed or executed. Instead, he challenges the conditions of his confinement—that he remains in FCI Beckley, as opposed to another federal prison. Courts in this district have held that claims merely challenging a prisoner's conditions of confinement are not cognizable in a federal habeas petition. *Whipple v. Heckard,* No. 5:23-cv-00416, 2023 WL 7280092, at *1 (S.D. W. Va. Nov. 2, 2023); *Sandlain v. Rickard*, No. CV 1:19-00025, 2019 WL 4691467, at *2 (S.D.W. Va. Sept. 25, 2019), *aff'd*, 801 F. App'x 202 (4th Cir. 2020). Reynolds's various challenges to the denial of his nearer-release transfer requests can only be raised in a civil rights suit; because he is a federal inmate, his claims should be pursued under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Accordingly, the undersigned **FINDS** that Reynolds's claims and arguments fall outside the scope of a federal habeas petition, as they attack the conditions of his confinement, not its fact or duration.

Reynolds's petition will not be construed as a civil rights complaint, because he has not paid the filing fee for a *Bivens* action, and his pleading, as currently written, fails to meet the standard to secure the preliminary injunction he seeks. "A preliminary injunction is an extraordinary award never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A mandatory preliminary injunction, which compels action and does not preserve the status quo, should only be granted "in those circumstances when the exigencies of the situation demand such relief." *Sun Microsystems, Inc. v. Microsoft Corp.*, 333 F.3d 517, 526 (4th Cir. 2003). In civil actions regarding prison conditions, injunctive relief must be narrowly drawn and the least intrusive means necessary to correct the violation. 18 U.S.C. § 3626(a). A plaintiff seeking a preliminary injunction must show: (1) that he is likely to succeed on the merits, (2) that he will suffer irreparable harm absent preliminary relief, (3) that the balance of equities is in his favor, and (4) that the injunction is in the public interest. *Nat. Res. Def. Council, Inc.*, 555 U.S. at 20. Reynolds's claim fails on the first element—he fails to show he is likely to succeed on the merits; indeed, he has not even stated a claim for an equal protection violation.

To state a claim under the Equal Protection Clause, "a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated, and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). When equal protection challenges arise in the prison context, the level of scrutiny must be adjusted "to ensure that prison officials are afforded the necessary discretion to operate their facilities in a safe and secure manner." *Veney v. Wyche*, 293 F.3d 726, 732 (4th Cir. 2002). Reynolds states that he was denied a nearer-release transfer request, while other white

6

inmates had their transfer requests approved. (ECF Nos. 1 at 6, 2 at 4, 3 at 2). Reynolds repeatedly asserts that these white inmates—who are not identified with any further details—were similarly situated to him, (ECF Nos. 2 at 5, 3 at 2, 15 at 1–2), but he provides no facts to support that conclusion. The white inmates may have had different release locations, making them eligible for transfer to different facilities which had bed space available, while the only facilities nearer to Reynolds's release location had no bed space. As such, Reynolds has not stated a plausible claim that he was treated differently from other similarly situated inmates.

Additionally, Reynolds has not identified any particular persons responsible for the alleged discrimination, and he has not plausibly asserted that any unequal treatment was the result of intentional racial discrimination. The complaint must "articulate facts demonstrating that a racially discriminatory intent or purpose was a factor in [the] decisions" by government actors who allegedly caused the constitutional violation. *Hodge v. Gansler*, 547 F. App'x 209, 210 (4th Cir. 2013). Reynolds states that, he is "a black man being held captive by an all-white staff," (ECF No. 2 at 3), but the fact that Reynolds is black and FCI Beckley staff are white does not, by itself, show that any staff member acted with discriminatory intent in denying his transfer requests. His pleading and supporting documents contain nothing but speculation and conclusory statements of ill-intent on the part of individuals who are not named defendants. Therefore, even if Reynolds's petition were construed as a civil rights suit, he has failed to state a claim under the Equal Protection Clause, and he would not be entitled to a preliminary injunction regarding the prison's handling of transfer requests. If Reynolds wishes to pursue a civil rights action, he must file a *Bivens* complaint containing sufficient factual allegations to state a plausible claim, identify the individuals who discriminated against him, and pay the

7

proper filing fee or submit the Application to Proceed Without Prepayment of Fees and Costs.

To extent that Reynolds may be seeking a court order transferring him to another prison, the undersigned **FINDS** that claim also lacks merit, as the Court does not have the authority to order the BOP to transfer him. In his latest filings, Reynolds insists that he is not asking the Court to order him to be transferred, (ECF Nos. 20 at 2, 21 at 1), but it appears he is effectively requesting a transfer, (*see* ECF No. 1 at 7) ("Reynolds request [sic] a non-discriminatory application of the FSA in respects to a nearer-release transfer."), and Respondent construed the petition as requesting a transfer. (*See* ECF No. 11 at 2–3). The BOP has broad discretion over the security classification and transfer of federal prisoners, and courts lack authority to order a prisoner to be confined in any particular institution. *Maldonado v. Carvajal*, No. CV 5:21-00514, 2022 WL 1008799, at *7 (S.D.W. Va., Feb. 4, 2022), *report and recommendation adopted*, No. 5:21-CV-00514, 2022 WL 1008942 (S.D.W. Va., Apr. 4, 2022); *see* 18 U.S.C. § 3621(b) (providing that the BOP designates an inmate's place of confinement, subject to bed availability, security designation, programmatic needs, mental and medical health needs, and other factors); *McKune v. Lile*, 536 U.S. 24, 40 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."). Therefore, this Court lacks the authority to order the BOP to transfer Reynolds, and any such request should be dismissed.

Throughout his filings, Reynolds makes many references to violence, "savagery," and bloodshed at FCI Beckley. (*See* ECF Nos. 1, 2, 3, 18). However, Reynolds does not allege that he has been the victim of any violence at FCI Beckley or that the violence has affected him in any way; he merely complains that other inmates have been harmed.

8

Article III of the United States Constitution limits federal courts to hearing only live cases or controversies; as part of this jurisdictional limitation, a plaintiff in federal court must allege he has suffered a personal injury-in-fact. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (explaining Article III standing requirements). Because Reynolds has not personally suffered any concrete injury, he lacks standing to raise any claims related to this alleged culture of violence at FCI Beckley. *See id.* Reynolds also states that FCI Beckley staff falsified records, which could be criminally fraudulent activity under 18 U.S.C. § 1519. (ECF No. 2 at 5). However, that statute provides no civil cause of action, it only applies to falsified records related to federal investigations and bankruptcy proceedings, and Reynolds has provided no factual support for his conclusion that any records were falsified. This claim must also be dismissed. Accordingly, the undersigned **FINDS** that Reynolds's petition should be dismissed, because his claims lie outside the scope of a habeas action and they lack merit or standing.

### IV.   Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings proposed herein and **RECOMMENDS** that Respondent's motion to dismiss, (ECF No. 11), be **GRANTED**; Reynolds's petition, (ECF No. 1), be **DENIED**; Reynolds's motions to take judicial notice, for leave to file evidence, and for discovery, (ECF Nos. 18, 20, 21, 22), be **DENIED**, as moot, and this matter be **DISMISSED** and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall

have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Volk, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED**: May 20, 2024

_____
Cheryl A. Eifert
United States Magistrate Judge