UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DONALD REYNOLDS,

    Petitioner,

v.                                            CIVIL ACTION NO. 5:23-cv-00533

WARDEN, FCI BECKLEY,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending are (1) Petitioner Donald Reynolds' Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF 1], seeking transfer to a prison closer to his release destination, (2) Respondent's Motion to Dismiss [ECF 11] contained within his response, (3) Mr. Reynolds' Motion to Take Judicial Notice [ECF 18], (4) Mr. Reynolds' Motion for Leave to File Evidence of Systemic Discrimination [ECF 20], (5) Mr. Reynolds' Motion for Leave to Present Additional Evidence [ECF 21], and (6) Mr. Reynolds' Motion for Discovery [ECF 22].

**I.**

This action was previously referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Eifert filed her PF&R on May 20, 2024, recommending that the Court grant Respondent's Motion to Dismiss, deny Mr. Reynolds' 2241 Petition for a Writ of Habeas Corpus, deny as moot Mr. Reynolds' Motion to Take Judicial Notice, Motions for Leave to File Evidence, and Motion for Discovery, and remove this matter from the docket. Mr. Reynolds timely objected

to the PF&R on August 1, 2024 [ECF 31], and August 12, 2024 [ECF 32]. He also submitted an Affidavit of Facts [ECF 33] on August 26, 2024.

## II.

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not, however, conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Mr. Reynolds first objects to the entirety of the PF&R inasmuch as he contends all of the law cited by the Magistrate Judge therein has been overturned by the United States Supreme Court's holding in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024). [*See* ECF 31 at 1]. In *Raimondo*, the Supreme Court held "[t]he Administrative Procedure Act requires courts to exercise their independent judgment in deciding whether an agency has acted within its statutory authority, and courts may not defer to an agency interpretation of the law simply because a statute is ambiguous[,]" effectively overruling its prior holding in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). *Raimondo*, 144 S. Ct. at 2247. Mr. Reynolds' objection, however, is misplaced inasmuch as none of the authority cited by the Magistrate Judge involves application of or reliance on the *Chevron* standard overruled in *Raimondo*. The court finds no error in the Magistrate Judge's use of authority contained in the PF&R.

Mr. Reynolds next appears to object to the Magistrate Judge's conclusion that, even if Mr. Reynolds' 2241 Petition were construed as a civil rights suit, he has failed to state a cognizable claim under the Equal Protection Clause and would thus not be entitled to a preliminary

2

injunction respecting the prison's handling of transfer requests. As thoroughly explained by the Magistrate Judge, while Mr. Reynolds alleges he and other African-American inmates are being denied transfers to facilities closer to their release locations ("nearer-release transfers"), while white inmates – who are unidentified with any further detail – are being granted these transfers, he provides no facts or evidence supporting his assertions. Indeed, as pointed out by the Magistrate Judge, Mr. Reynolds repeatedly insists he and the white inmates are similarly situated but does so in a conclusory fashion. It could thus very much be the case white inmates are being granted nearer-release transfers inasmuch as there are facilities with available bed space near their differing release locations, whereas there are no such facilities available near Mr. Reynolds' release location.

        Despite insisting he has stated a viable Equal Protection Claim in his objections, Mr. Reynolds has again failed to offer any evidence beyond his own conjecture that would support the same. [*See* ECF 31 at 3-4]. To the extent Mr. Reynolds asserts he failed to support his claim with evidentiary support inasmuch as the Magistrate Judge improperly denied his Motion for Discovery, such assertion is meritless. *See Brooks v. Bivens*, Civil Action No. GJH-21-2221, 2022 WL 4104182, at *6 (D. Md. Sept. 8, 2022) (explaining "[t]he rules governing discovery in habeas corpus cases do not countenance a so-called fishing expedition via discovery . . . [i]n effort to find evidence to support a claim.") (internal quotations and citations omitted)). As noted by the Magistrate Judge, Mr. Reynolds remains free to pursue his Equal Protection Claim in a proper civil rights action by filing "a *Bivens* complaint containing sufficient factual allegations to state a plausible claim, identify[ing] the individuals who discriminated against him, and pay[ing] the proper filing fee or submit[ing] [an] Application to Proceed Without Prepayment of Fees and Costs." [ECF 23 at 7-8].

Lastly, Mr. Reynolds objects to the Magistrate Judge's conclusion that his Section 2241 Petition is not the proper vehicle by which to bring his Equal Protection Claim inasmuch as he is merely challenging his conditions of confinement and "does not argue that he should be released from prison, or that his prison sentence has been illegally imposed or executed." [*Id.* at 5]. Specifically, citing to *Jones v. Hendrix*, 599 U.S. 465, 475 (2023), Mr. Reynolds asserts inasmuch as he is being detained in a manner not authorized by his sentence given that his "sentence did not include any clauses that allowed for . . . racial discrimination in the implementation of nearer-release transfers," his Section 2241 Petition is proper. [ECF 32 at 2]. Even assuming Mr. Reynolds' Equal Protection Claim was properly brought via his Section 2241 Petition, it would yet fail for the same reasons stated above. Simply put, regardless of whether Mr. Reynolds properly pursed his claim via his Section 2241 Petition, his claim, as currently alleged, fails to state a cognizable cause of action under the Equal Protection Clause. Accordingly, his objection on this point is overruled. The Court has also considered the remainder of Mr. Reynolds' objections and finds them to be equally without merit.

### III.

Based on the foregoing discussion, the Court **OVERRULES** Mr. Reynolds' Objections [**ECF 31, 32**], **ADOPTS** the Magistrate Judge's PF&R [**ECF 23**], **GRANTS** Respondent's Motion to Dismiss [**ECF 11**], **DISMISSES** Mr. Reynolds' 2241 Petition for a Writ of Habeas Corpus [**ECF 1**], **DENIES AS MOOT** Mr. Reynolds' Motion to Take Judicial Notice [**ECF 18**], Motions for Leave to File Evidence[1] [**ECF 20, 21**], and Motion for Discovery [**ECF 22**], and **REMOVES** this matter from the docket.

---

[1] The Court notes Mr. Reynolds' Motions for Leave to File Evidence fail to supply any actual evidence that would support the claims asserted in his Section 2241 Petition.

4

The Clerk is directed to send a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER: September 16, 2024

Frank W. Volk
Chief United States District Judge